PRISCILLA LITTLE *et al.*, Respondents, v. JAMES D. MACADARAS *et al.*, Appellants.

St. Louis Court of Appeals, January 31, 1888.

1. LANDLORD AND TENANT—DAMAGES.—A landlord is not liable to his tenant for damages arising from an insecure condition of the premises, if he has not expressly undertaken to keep them in repair.

2. PRACTICE—INSTRUCTION.—It is error to submit to the jury, by instruction, an element of liability on the part of the defendant which has no support in the evidence.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Reversed and remanded.*

KRUM & JONAS, for the appellants: The petition does not state facts sufficient to constitute a cause of action. It is not alleged that the appellant had notice of the defective condition of the privy-seat, and did not make the necessary repairs within a reasonable time after such notice. *Wolcott v. Sullivan*, 6 Paige, 117; *Plow v. Staff*, 9 Mo. App. 309. The evidence utterly fails to prove the allegation upon which the whole cause of action rests, namely, that the appellant agreed to keep the premises in repair. *Wehrman v. Priest*, 12 Mo. App. 577. Upon the whole case, the jury ought to have been instructed to return a verdict for the appellants. The evidence, both in the case of the respondents and that of the appellants, shows that the respondent, Little, was herself guilty of gross carelessness. *Nolan v. Shickle*, 3 Mo. App. 300; s. c., 69 Mo. 336.

A. R. TAYLOR, for the respondents.

THOMPSON, J., delivered the opinion of the court. This action is brought by a married woman (with

whom her husband is joined for conformity), to recover damages from the defendants for a hurt received by her through the defendants' negligence, as is alleged. The petition states that the plaintiff, John Little (husband of the plaintiff, Priscilla), was the tenant of certain premises belonging to the defendants; that the defendants "had undertaken and agreed to keep said premises in a condition of repair and tenantable;" that, prior to the twenty-fifth of February, 1884, "the defendants, by their agents, had undertaken to repair said premises; but said agents of the defendants did negligently and carelessly tear up the seat and framework of the privy upon said premises, and did negligently leave said privy in a defective and unsafe condition; that, whilst the plaintiff, Priscilla, was in said privy, by reason of the defective condition in which the agents of the defendants had so left said privy, she was, through said privy giving way by reason of its said defective condition, thrown against the timbers of said privy, and was thereby greatly and permanently injured," etc.

The answer, after a general denial, pleaded contributory negligence.

There was a trial by a jury, and a verdict and judgment for the plaintiff in the sum of twenty-five hundred dollars.

There was no evidence tending to show any agreement or undertaking on the part of the defendants to keep the premises in a condition of repair and tenantable. The only evidence offered as having a bearing upon this question, was evidence tending to show that the defendants, through their agents in charge of the premises, had from time to time made repairs upon the premises. But this is no more than all landlords who rent houses to monthly tenants do, in order to keep them from dilapidation. It was held by this court in *Wehrman v. Priest*, 12 Mo. App. 577, that, from the habit of making such repairs, no agreement or undertaking on the part of the landlord with his tenant can be inferred. There was, therefore, no

evidence tending to show that the defendants had assumed toward this tenant any duty of making repairs or keeping the premises in a tenantable, or in a safe condition. In the absence of such an agreement or undertaking, the well-understood rule of law is, that the landlord is not liable for any hurt or damage that may accrue to the tenant, or to a member of his family, through his negligence in failing to perform such a supposed duty.

There was, however, evidence tending to show, that, a short time prior to the happening of the accident described in the petition, the defendants, acting through their agents who were in charge of the property, having received notice from the Board of Health to cleanse the vault of the privy in question, employed a contractor to do it ; that this contractor, in so doing, tore up the floor and also the seat of the privy, and, in restoring it, nailed the top board of the seat in such an insecure manner that it subsequently gave way while the place was being used by the plaintiff, Mrs. Little, injuring her very considerably ; that this board had been re-nailed by driving the nails in the same holes from which the old nails had been drawn, which, according to the testimony of one witness, rendered the seat less secure than if the nails had been driven in new places. In short, there was evidence which would, in a proper state of the pleadings, have warranted the submission of the case to the jury upon the theory that the defendants, while the premises were in possession of the plaintiff, John Little, as their tenant, had removed the seat of the privy for the purpose of cleansing the vault, and had, through negligence, failed to restore it to the safe condition in which it was before, whereby Mrs. Little had been injured. But the case was not submitted to the jury on this theory alone, but it was also submitted to them on the theory of an agreement or undertaking on the part of the defendants to repair, and a negligent failure to

perform this duty,—as will be seen by the following instruction given at the request of the plaintiff:

"The court instructs the jury that, if they believe from the evidence that the plaintiffs were husband and wife, at the times hereinafter stated, and that the said John Little, prior to and on the twenty-fifth day of February, 1884, was a tenant under the defendants of the premises described in the amended petition, and that, under the terms of said tenancy, the defendants had agreed and undertaken to keep said premises in repair; and if the jury believe, from the evidence, that certain employes or agents of the defendants did go upon said premises, for the purpose of cleaning out the privy-vault on said premises; that, for this purpose, said employes did take up the floor and seat of said privy, and afterwards put said seat down in an insecure manner, before the twenty-fifth day of February, 1884; and if the jury further believe, from the evidence, that said employes of the defendants did not use ordinary care in putting said privy-seat down, and did leave said privy-seat in an insecure condition; and if the jury believe, from the evidence, that, on the twenty-fifth day of February, 1884, whilst the plaintiff, Priscilla, was in said privy, and whilst exercising ordinary care, said privy-seat, by reason of its insecure condition as left by the defendants' said employes, did give way and break, and thereby said plaintiff was thrown against the timbers of said privy and injured;—then, said Priscilla Little is entitled to recover, and the verdict should be for the plaintiffs."

As above stated, there was no evidence, on which to predicate so much of this instruction as submitted to the jury the question whether, "under the terms of said tenancy, the defendants had agreed and undertaken to keep said premises in repair." The fact that there was evidence, which, in a proper state of the pleadings, would have warranted the submission to the jury of the case upon the hypothesis embraced in the remaining portion of this instruction, does not, in our judgment,

cure the error of submitting it to the jury upon this unsupported hypothesis. Jurors reason so imperfectly, especially in cases appealing to their sympathies, that we are unable to say what effect the conception, conveyed to their minds by this instruction, that the defendants had undertaken the duty towards the plaintiffs of keeping the premises in repair, may have had upon their verdict. A very liberal view might, according to some opinion, allow the allegation in the petition and the hypothesis of this instruction, that the defendants had undertaken towards the plaintiffs this duty of repair, to be rejected as surplusage, sustaining the verdict upon the remaining ground; but we think that this would be a loose and dangerous view to take of the question. The plaintiff ought to be required to choose her ground, and her case ought to go to the jury upon the ground thus chosen; and an element ought not to be injected into it which has no support in her evidence.

In view of the possibility of another trial, we deem it proper to make the observation that, in our judgment, an unavoidable inference of contributory negligence does not arise out of the testimony adduced in favor of the plaintiffs, such as would have warranted the court in withdrawing the case from the jury on that ground. That Mrs. Little knew that the seat of the privy was loose, sufficiently appears from her own evidence; but it cannot be said, as a matter of law, that this knowledge was tantamount to a knowledge that it was dangerous, or that her continuing to use the place, having, as her evidence showed, no other such place to use, was negligence *per se*. On the other hand, a mechanic who repairs or restores a place of this kind, ought presumptively to know whether it is done in such a manner as to be safe for those who use it. The mechanic who builds or repairs a bridge has presumptively a much better knowledge of its safety than the person who uses it; and the same reasoning would seem

to apply in this case, so far as to preclude the inference of contributory negligence as a matter of law.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.