PRISCILLA LITTLE *et al.*, Respondents, v. JAMES D. McADARAS, Appellant.

**St. Louis Court of Appeals, December 3, 1889.**

Landlord and Tenant: REPAIRS. A landlord is under no obligation to keep the premises let in repair, unless he has expressly contracted to do so. But if he nevertheless makes repairs, and the same are negligently made, he is responsible for the damages to the tenant resulting therefrom.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Chester H. Krum*, for the appellant.

(1) The respondent must be held to recover upon such ground of negligence as she alleged. This she has not done. *Edens v. Railroad*, 72 Mo. 212; *Schneider v. Railroad*, 75 Mo. 295; *Waldheier v. Railroad*, 71 Mo. 514; *Buffington v. Railroad*, 64 Mo. 246; *Field v. Railroad*, 76 Mo. 614. (2) The evidence adduced clearly demonstrated that the respondent Priscilla was fully aware of the dangerous condition of the privy seat. She voluntarily exposed herself to an apparent peril. *Callahan v. Warne*, 40 Mo. 131; *Boland v. Railroad*, 36 Mo. 484; *Bell v. Railroad*, 72 Mo. 57; *Craig v. Sedalia*, 63 Mo. 477; *Leduke v. Railroad*, 4 Mo. App. 485.

THOMPSON, J., delivered the opinion of the court.

This case was before this court on a former appeal, and is reported in 29 Mo. App. 332. After being remanded by this court to the circuit court, it went to trial before a jury on the same pleadings and substantially the same evidence, and the plaintiffs again had a verdict and judgment,—this time in the sum of eighteen hundred dollars. The defendant again appeals to this court.

It will be remembered that John Little was the tenant of the defendant, and that the defendant, being required by the board of health of the city to clean out a privy vault upon the demised premises, through his agent employed some contractors to do the work. In doing the work the contractors removed the seat of the privy, and when they were through with the work replaced it. But they replaced it in such a condition that when, a few days afterwards the plaintiff, Priscilla Little, the wife of John Little, attempted to use the seat in the ordinary way, it broke under her weight and seriously injured her.

Our opinion on the former appeal substantially decides the questions which have been raised by the appellant on this appeal, unless there is a fatal variance between the case as averred in the plaintiffs' petition and as established by her evidence.

We reversed the judgment on the former appeal because of the giving of an instruction which contained the hypothesis that the defendant had agreed and undertaken to keep the premises in repair, of which agreement and undertaking there was no evidence. On the present trial substantially the same instruction was given after eliminating this hypothesis of fact. This instruction advised the jury that if John Little was a tenant under the defendant of the premises described in the amended petition and evidence; and if the jury

should further believe from the evidence that the defend-ant, by his agent, sent certain employes upon the premises for the purposes of cleaning the privy vault; and if they should further believe that the employes took up the floor and seat of the privy vault and after-wards put the seat down again in an insecure manner, so that it was dangerous to persons using the same; and if the jury should further believe from the evidence that the employes did not use ordinary care in replacing the seat, by which reason the plaintiff Priscilla Little in using the same, while exercising ordinary care on her part, was injured,—then she was entitled to recover. This hypothesis of fact was set up in the petition, and sustained by the evidence.    As we intimated in our former opinion, this afforded ground on which the plain-tiff was entitled to have her case submitted to a jury. It is not material that the petition was not amended so as to eliminate from it the averment that the defendant had agreed to keep the premises in repair.    That theory was abandoned on the last trial, and that portion of the petition may be regarded as surplusage.

The same may be said of so much of the petition as states, by way of inducement, the relation of landlord and tenant between John Little, the husband of Pris-cilla Little, and the defendant.    The case, as submitted to the jury, does not proceed upon the theory of a duty, on the part of the defendant, to keep the privy in repair, growing out of his relation of landlord.    We, of course, concede, as we have frequently held, that there is no such duty resting upon a landlord, unless he has assumed it, by express contract.    But the essential facts, stated in the petition, and established by the evi-dence, were that the plaintiff, John Little, was, with his family, in the possession of certain premises; that the defendant, by his employes, went upon the prem-ises to cleanse the privy vault, and, in so doing, took up the seat, and replaced it in such a negligent manner

that it broke under the weight of Mrs. Little, while she was attempting to use it, injuring her. Although there may have been no duty on the defendant, as landlord, to keep the premises in repair, there was a duty upon him, just as there would have been on a mere stranger, to restore the privy seat to a condition as safe as when it was removed. The negligent failure to do this is the *gravamen* of the action, and the substantial ground of the plaintiffs' right to recover.

With the view of advising the trial court how to proceed on another trial, we intimated, when the case was before us, on the former appeal, our opinion that an unavoidable inference of contributory negligence did not arise out of the evidence adduced in favor of the plaintiffs, such as would have warranted the court in withdrawing the case from the jury, on that ground. We are now asked to reconsider that holding, and an able argument has been made, with the view of showing that we were wrong in that conclusion. The question of contributory negligence, then, as now, arose upon the record; and our deliberate judgment upon the question became the law of the case, to control the trial judge on another trial, in case the evidence should present the same state of facts. It would be contrary to a fundamental rule of appellate procedure for us, now, after the case has been tried, in conformity with the judgment thus expressed, to change that judgment. We have, of course, power,—considered as mere power,—to recall that judgment, if of opinion that it was erroneous; and appellate courts have sometimes, on a second appeal, taken a different view of the law from that announced on the former appeal. But we remain of the opinion then expressed, and do not think it necessary to repeat our reasons for so holding.

But, it is argued on this point, that the evidence was not the same on this trial as on the trial reviewed on the former appeal, in that on that trial Mrs. Little

*denied* giving certain evidence *on the first trial*, which she admits having given on this trial, which evidence tended to show her knowledge of the unsafe condition of the seat.    We do not see, on looking through the record, that Mrs. Little admits having testified to anything more, the first trial, than that she knew that the seat was somewhat loose.    But she denies that she knew that it was dangerous, and she does not admit having so testified on a former trial.    We do not see any substantial difference between the evidence in this and in the former trial, and we must adhere to our former ruling on the question of contributory negligence.

The question of contributory negligence was submitted to the jury on instructions which were very favorable to the defendant.    They presented the defendant's theory fully to the jury in strong language, and two of them were argumentative.

The judgment will be affirmed.  All the judges concur.