ROSE FINER, Defendant in Error, v. CECELIA NICHOLS, Plaintiff in Error.

St. Louis Court of Appeals, June 30, 1911.

1. **PLEADING:. Amended Petition:. Departure.** An amended petition is not a departure so long as the gist of the cause of action counted on is the same as that set forth in the original petition, although some of the alleged incidents are different.

2. **———: ———: ———: Waiver.** The point that an amended petition is a departure from the original petition is waived by filing an answer to such amended petition and trying the case as though it adhered to the original cause of action stated.

3. **LANDLORD AND TENANT: Repairs: Duty of Landlord.** The landlord is not bound to keep leased premises in repair, in the absence of an agreement to do so, made at the time of the letting, or thereafter on a new and sufficient consideration.

4. **———: ———: ———: Injuries to Tenant's Family: Liability of Landlord.** Where a landlord has made no contract to repair, he is not liable for injuries resulting to the tenant or a member of his family from a mere failure to repair defects in the leased premises.

5. **NEGLIGENCE: Injuries to Person Rightfully on Premises: Liability of Owner.** Every person is prima facie liable to respond for an injury which befalls another through his negligence, if such injury is directly traceable to such negligent conduct and the injured one is without fault and rightfully on the premises.

6. **LANDLORD AND TENANT: Repairs by Landlord: Injuries to Tenant's Family: Liability of Landlord.** Where a landlord, though not having contracted to make repairs, voluntarily undertakes to do so, and the work is performed in such a negligent manner as to cause injury to the tenant's wife, the landlord is liable therefor.

7. ———: ———: ———: ———: Question for Jury. In an action against a landlord by the wife of the tenant for injuries received through the negligent performance of repair work, voluntarily performed by the landlord, *held*, under the evidence, that the questions of whether defendant was liable and whether plaintiff was guilty of contributory negligence were for the jury.

8. NEW TRIAL: Amount of Verdict: Passion and Prejudice. Where a verdict in favor of plaintiff for $250 was set aside as against the weight of the evidence, and a second trial resulted in a verdict in favor of plaintiff for $2500, which was set aside for eror of law, and a third trial resulted in a verdict in favor of plaintiff for $6000, the amount of the last verdict alone would not authorize the trial court to set the verdict aside as for misbehavior on the part of the jury.

9. DAMAGES: Negligence: Trespass: Injuries to Female: Miscarriage. The physical injury suffered by a female through the negligence of another, occasioning a miscarriage, will operate as a cause of action in her favor to the extent she may be injured thereby in the impairment of health and increased suffering of body and mind occasioned by the miscarriage over and beyond that which usually attends a birth in due course, and this is true also where a miscarriage results from an affirmative wrong, as in trespass; but the loss of the offspring itself is not to be considered as an injury to her, and the loss of the anticipated society of the prospective child and mere matters of sentiment that attend such misfortunes are too remote to form a proper element of damage.

10. DAMAGES: Injury to Female: Miscarriage Instructions. In an action for injuries to a female by the negligent performance of certain repairs by a landlord, the court charged that, if the jury found for plaintiff, they should assess her damages at such sum as would be a fair and reasonable compensation for any injury to her physical and nervous system and general health, "including miscarriages," if any, directly caused to her by defendant's negligence, and that in determining the damages the jury were entitled to consider the extent of plaintiff's injury, the permanency thereof, together with any physical pain or mental anguish suffered by her directly incident to or growing out of her bodily injury which she previously had suffered, or by reason of the injury she would thereafter suffer, etc. *Held*, that in view of evidence that plaintiff suffered a miscarriage on the day of and in a few hours after her injury and had suffered two others since, traceable to the injury, the words "including miscarriages" as used in the instruction were objectionable as suggesting to the jury that it was proper to allow plaintiff a recovery for the loss of three offspring.

Error to St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED AND REMANDED.

*Stern & Haberman* and *Vital W. Garesche* for plaintiff in error.

(1) The petition stated no cause of action, the objection to the introduction of evidence, the demurrer to the evidence at the close of the whole case and the motion in arrest of judgment should have been sustained. Rhoades v. Seidel, 102 N. W. 1025; Wynne v. Haight, 50 N. Y. S. 187; Nagel v. Davis, 113 N. Y. S. 834; Galvin v. Beales, 187 Mass. 250; Miller v. Woodhead, 104 N. Y. 471; Ivay v. Hedges, 9 Q. B. D. 80; Elbin v. Miller, 78 Mo. 371; O'Connell v. Schnepel, 33 N. Y. S. 562; 2 Underhill on Landlord and Tenant, 865; Saffer v. Molter, 124 Ill. App. 21. (2) The plaintiff completely changed her cause of action. Chitty v. Railroad, 148 Mo. 75; McManamee v. Railroad, 135 Mo. 447; Dlauhi v. Railroad, 139 Mo. 294; Breeder v. Mining Co., 103 Mo. App. 179; Slaughter v. Davenport, 151 Mo. 26; Ellis v. Railroad, 130 Mo. App. 221; Riley v. Railroad, 124 Mo. App. 278; Purdy v. Pfaff, 104 Mo. App. 331; Glenn v. Hill, 210 Mo. 291. (3) The court erred in giving plaintiff's instruction 2. Rapid Transit Co. v. Smith, 86 S. W. 323; Joyce on Damages, sec. 185.

*John S. Leahy* and *Montague Punch* for defend-in error.

(1) While there is no obligation on a landlord to keep premises let in repair, unless he has expressly contracted to do so, yet if he makes repairs, and same are negligently made, he is liable for damages to the tenant. Little v. McAdaras, 29 Mo. App. 332; Little v. McAdaras, 38 Mo. App. 187; Glenn v. Hill, 210 Mo.

App. 291; Graff v. Brewing Co., 130 Mo. App. 618; Gill v. Middleton, 105 Mass. 177; Mann v. Fuller, 66 Pac. 627; Carlon v. Bank, 124 N. W. 91; Carlon v. Bank, 118 N. W. 334; Callahan v. Loughran, 102, Cal. 476; Gregory v. Cady, 82 Me. 131; Glickauf v. Maurer, 75 Ill. 289; Evans v. Murphy, 40 Atl. 109; Martin v. Richard, 155 Mass. 381; Wertheimer v. Saunders, 95 Wis. 573; Wilber v. Follansbee, 97 Wis. 577; Blumenthal v. Prescott, 75 N. Y. S. 710; 2 Underhill on Landlord and Tenant, pp. 864, 65; 18 Am. and Eng. Ency. of Law, p. 239 (2 Ed.); 24 Cyc. Law and Proc. pp. 115, 16. (2) Even though an amendment changes a cause of action, if opposing party pleads over and goes to trial threon, he waives his right to object. Grimes v. Mill Co., 111 Mo. App. 358; Bank v. Crump, 116 Mo. App. 371; Scoville v. Glassner, 79 Mo. 449; Spurlock v. Railroad, 104 Mo. 658. (3) Plaintiff's instruction No. 2 not faulty, because, First. Calls for damages for injury to plaintiff's physical and nervous system and general health, including, but not in addition to, miscarriages, and could not have misled jury. Second. Defendant's instruction No. 2 given, was similar to plaintiff's instruction No. 2 given, hence defendant can not complain. Harrington v. City, 98 Mo. 583; Whitmore v. Lodge, 100 Mo. 36. Third. If defendant considered instruction was likely to be misunderstood by jury, it was her duty to ask modifications and explanations, in an instruction embodying her views. Browning v. Railroad, 124 Mo. 55; Mathews v. Railroad, 142 Mo. 645; Robertson v. Railroad, 152 Mo. 382; Barth v. Railroad, 142 Mo. 535; Longan v. Weltmer, 180 Mo. 322.

·NORTONI, J.—This is a suit for damages accrued to defendant in error on account of personal injuries received through the negligence of plaintiff in error.

In the circuit court, the finding and judgment were for plaintiff in the suit, and defendant therein prosecutes the writ of error in this court, as plaintiff in error.

Defendant in error, plaintiff in the suit, is a married woman and together with her husband resided in a tenement owned by plaintiff in error, which was occupied by them under a verbal lease from month to month with plaintiff in error. On the demised premises and appertaining thereto, there was situate a privy, the floor of which became out of repair and dangerous. Though plaintiff in error had not contracted in the lease to make repairs, she nevertheless voluntarily undertook to do so and sent her carpenter there for the purpose. It appears the carpenter performed the task in such a negligent manner as to render the floor dangerous, so that defendant in error broke through the same on stepping into the privy. On the breaking of the floor beneath her foot, defendant in error was precipitated against the side or seat of the outhouse with such force as to inflict a personal injury across her abdomen and to occasion a miscarriage a few hours thereafter.

Besides the original, three amended petition were filed in the case, and it is first argued that the third amended petition, on which the trial was had, is a departure and substituted a new cause of action for the one originally declared upon. It is true the original petition and the first and second amended petitions are not models of good pleading, but, upon looking into all of them, no one can doubt that in each amendment, the pleader adhered to the same cause of action that was defectively stated in the first filed. The grievance complained of, and the amount sought to be recovered therefor, is the same in all, although some of the mere incidents pertaining thereto are varied in the different petitions. The present, or third amended, petition declared upon the same injury and maintains

in a general way the identity of the cause of action first stated, so that the character of the proof to maintain either would necessarily remain about the same. The amendment is properly allowed so long as the gist of the cause of action in an amended pleading remains the same as that set forth in the original, although some of the alleged incidents be different from those set forth. [Ingwerson v. C. & A. R. Co., 150 Mo. App. 374, 130 S. W. 411.] Besides, plaintiff in error answered the third amended petition and tried the case throughout thereon as though it adhered to the original cause of action stated. Because of this alone, the point that it was a departure from the original petition and substituted a new cause of action for that set forth therein was thereby waived and is now concluded from review on this writ of error. [See Grymes v. Liebke, etc., Mill Co., 111 Mo. App. 358, 85 S. W. 946; Scovill v. Glasner, 79 Mo. 449; Spurlock v. Mo. Pac. R. Co., 104 Mo. 658, 16 S. W. 834; Farmers', etc., Bank v. Kont, 116 Mo. App. 371, 92 S. W. 724.]

It is neither averred not proved that plaintiff in error contracted, at the time of letting the premises, nor that she agreed at any time thereafter, on a new and sufficient consideration, to make repairs on the demised premises. Because of the omission to either aver or prove this fact, it is argued the court should have directed a verdict for plaintiff in error, for the reason, it is said, no obligation whatever rested upon her pertaining to the matter of repairs for a breach of which an action will lie. There can be no doubt that the landlord is not bound to keep the leased premises in repair, in the absence of an agreement to do so, made at the time of the letting, or thereafter upon a new and sufficient consideration. This being true, an action may not be maintained on account of an injury resulting to the tenant or a member of his family from the mere failure of the landlord to re-

pair the leased premises, for the reason no obligation
resting on the landlord is breached by such omission.
[Ward v. Fagin, 101 Mo. 669, 14 S. W. 738; Glenn v.
Hill, 210 Mo. 291, 109 S. W. 27; 2 Underhill, Land-
lord & Tenant, sec. 518.]   But the suit proceeds on
another and distinct theory, for it is alleged, and the
evidence tends to prove, that, though no obligation
rested upon plaintiff in error in that behalf, she never-
theless voluntarily undertook to make the repairs and
caused her carpenter to do so.   It is averred in the
petition, and the evidence tends to prove, that, in re-
pairing the floor of the privy, this carpenter performed
the task in such a negligent manner as to render it
unsafe and that the injury of defendant in error re-
sulted from the negligent manner in which the repair
was performed.   The general rule undoubtedly is, that
every person is prima facie liable to respond for an
injury which befalls another through his negligence, if
the injury is directly traceable to such negligent con-
duct and the injured party is without fault and right-
fully on the premises.   In this view, the rule is well
settled, even between the landlord and tenant, to the
effect that if the landlord voluntarily repairs the de-
mised premises he will be responsible for his want of
due care in the execution of the work and if an injury
befalls the tenant or a member of his family as a
result of the negligent manner in which the repair is
made, an action will lie therefor, unless barred by the
negligence of the injured party.   [See Little v. Mc-
Adaras, 29 Mo. App. 332, s. c. 38 Mo. App. 187; Glenn
v. Hill, 210 Mo. 291, 297, 298, 109 S. W. 27.]   On this
theory, the evidence tends to support the charge of
liability on the part of plaintiff in error and that ques-
tion was one for the jury. So, too, was the matter of
contributory negligence on the part of defendant in
error.   [See Little v. McAdaras, 29 Mo. App. 332, s. c.,
38 Mo. App. 187.]

158 App.—35

The case has been three times tried.  The first trial was had in 1903 and resulted in a verdict of two hundred and fifty dollars in favor of the plaintiff in the circuit court, which that court set aside.  The second trial resulted in a verdict of $2500 in favor of plaintiff in the circuit court, which that court set aside for error in excluding from evidence a public record required to be kept by law which pertained to the birth of a child to plaintiff.  From the order of the court granting such new trial, plaintiff prosecuted an appeal to this court, which affirmed the ruling of the circuit court and remanded the case for trial.  [See Finer v. Nichols, 122 Mo. App. 497, 99 S. W. 808.] On the third and last trial, plaintiff was awarded a recovery of six thousand dollars, and the circuit court, in overruling the motion for a new trial, filed a written opinion, incorporated in the bill of exceptions, in which it expressed great dissatisfaction with the verdict and especially its amount, but declined to disturb it, for the reason that in the opinion of the court, the statute (section 2023, R. S. 1909) forbade such action. The record before the circuit court disclosed that the first new trial was granted in 1903 because, in the opinion of the court that tried the case, that verdict was against the weight of the evidence and because plaintiff and her witnesses had resorted to perjury to obtain it.  As the new trial first granted was awarded because of matters *in pais,* the circuit court on the last trial felt itself concluded by this fact, when considered under the provisions of the statute referred to, from further interfering with the verdict.  The statute is as follows:

"Only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or

grounds on which said new trial is granted.'' (Sec. 2023, R. S. 1909.)

In the opinion of the circuit court, filed on over-ruling the motion for a new trial, which we now review, no error of law intervened at the trial and the amount of the verdict alone did not suggest that the jury had been guilty of misbehavior in the sense of the statute. Though the amount of the verdict alone did not authorize the trial court to set the verdict aside, as for misbehavior on the part of the jury, we do not concur in the view that no error of law intervened at the trial, for it appears the instruction on the measure of damages, given at the instance of defendant in error, is misleading and not sufficiently specific in so far as it authorizes a recovery on account of miscarriage suffered by her. It is in evidence that, besides suffering a miscarriage on the day of, and within a few hours after, her injury, plaintiff has suffered two like misfortunes since that time, which the evidence tends to prove were traceable to the hurt received through the negligence complained of. For defendant in error, the court instructed on the measure of damages as follows:

''The court instructs the jury, that if you find for the plaintiff, you will assess her damages at such sum as will be a fair and reasonable compensation, for any injury, if any, to her physical and nervous system and general health, *including miscarriages,* if any, directly caused to her by the negligence of the defendant referred to in the instructions given to you; and you are further instructed that in the determination of the question of damages to which plaintiff may be entitled, if you find from the evidence that plaintiff is entitled to any damages, you are authorized to consider the extent of said plaintiff's injury and the permanency thereof, if you find it permanent, and you may also consider, as an element of damage, any physical pain or mental suffering, if any, of plaintiff di-

rectly incident to and growing out of said plaintiff's bodily injury which you may find she has heretofore suffered by reason of said injury or will hereafter suffer by reason thereof, your verdict, however, not to exceed the sum of ten thousand ($10,000) dollars.''

The words which we have italicised in the above instruction, ''including miscarriages,'' are objectionable as employed in the context of the instruction; for, without further explanation or limitation from the court on that subject, they suggest to the jury that it was proper to allow defendant in error a recovery for the loss of three offspring. No one can doubt that a physical injury suffered by a female through the negligence of another which occasions a miscarriage will operate as a cause of action in her favor to the extent she may be injured thereby in the impairment of health and increased suffering, if any, of body and mind occasioned by the miscarriage, over and beyond that which usually attends a birth in due course. [Tunnicliffe v. Bay Cities, etc., Ry. Co., 107 Mich. 261; 1 Joyce on Damages, sec. 185; see, also, secs. 183, 184; Rapid Transit Ry. Co. v. Smith (Tex.), 86 S. W. 322.] The same is true, too, where a right of recovery accrues in favor of the injured party and a miscarriage results from an affirmative wrong, as in trespass. Such only is the extent of the ruling, though we had no occasion to elaborate upon it, in Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S. W. 401. But though a recovery may be had by the mother to the extent mentioned, the loss of the offspring itself is not to be considered as an injury to her. As the basis of a recovery on the part of the parent for the death of a child by the negligent act of another is the value of the service of the child to the parent during minority, a recovery for the loss of a prospective offspring, it is said, would extend the field of damage into the realm of mere possibility. Of course, the loss of the anticipated society of the prospective child and

mere matters of sentiment which attend such misfortunes are too remote for consideration by the courts as a basis for monetary compensation, though the law be humane in its policy and purpose. [Tunnicliffe v. Bay Cities, etc., Ry. Co., 107 Mich. 261; Bovee v. Danville, 53 Vt. 183; Hawkins v. Front Street, etc., Ry. Co., 3 Wash. 592; 1 Joyce on Damages, sec. 185; see, also, Rapid Transit Ry. Co. v. Smith (Tex.), 86 S. W. 322.] 1 Joyce on Damages, sec. 185, considers the question in judgment on principle and we adopt his views as a sound exposition of the law on the subject.

"From a consideration of the cases noted in the preceding section it will be seen that the courts are not in harmony as to the recovery of damages in cases of miscarriage. Where the miscarriage results in loss of prospective offspring, it would seem that the better reasoning would support the conclusion that there can be no recovery for such loss. In many cases the sex of the unborn child cannot be determined, or whether it will be free of deformity, and even where it may be possible to determine these facts, it may still be an uncertain question as to whether the embryo would have developed into a child of good health and sound mental faculties. The basis of recovery for a child's death by a negligent act is the value of services to the parent during minority, but if the child's mental faculties are impaired or he is a sickly child, he may not only be unable to render any services, but may, on the other hand, be a source of expense and cause of sorrow and worry to the parents, not only during minority but during the whole of his or her parent's life. To permit, therefore, a recovery for loss of prospective offspring would be an extension of the field of damages too much into the realms of possibility. In those cases where a negligent act results in a miscarriage, the general rule seems to be that damages therefor are recoverable. But in such cases it would seem that though damages may be recovered

for a physical injury or negligent act independent of any miscarriage, yet if miscarriage results from such act or injury, in order to authorize a recovery for the latter, it should appear that there was an increased or aggregated mental or physical pain or distress in connection with such miscarriage, in addition to what the mother would have suffered if the child had been born at the proper time or that her health had been impaired thereby. In the absence of any such evidence there would seem to be but little basis for the awarding of damages for a miscarriage.''

The instruction given by the court omits to prescribe any limitations on the plaintiff's right of recovery on account of the several miscarriages she suffered, and the amount of the verdict suggests that the jury considered it as authority to award compensation therefor on broader grounds than the law warrants. So much is obvious when it appears the verdict has constantly increased from $250 on the first trial to $2500 on the second and $6000 on the third, which latter verdict the trial court suggests, in its opinion on the motion for new trial, to be excessive to the amount of $2500 and regrets its inability to order a new trial or compel a remittitur therefrom. Because of the broad scope of recovery which the words "including miscarriages" in the instruction implies, we regard it both misleading and prejudicial to plaintiff in error and for the reason no more pointed limitations attend these words in respect of the right of recovery on account of miscarriages, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.