## JOHN R. CALL v. ABRAM HAUN, ADMINISTRATOR.

### EVIDENCE.—*Competency, Sufficiency.*

A. and B. were second and third endorsers on a note in bank, B. was also surety in three separate notes drawn by other parties in favor of A. A. said to B. "relieve me from my liability on the note in bank, and I will cancel your suretyship on the three notes of which I am payee.

· Upon a bill in chancery alleging the above agreement, and a sworn answer denying it, *held*, that the maker of the note in bank was a competent witness to prove the same and that without other evidence his testimony was sufficient.

Haun agreed with Call that if he would indemnify him against a note in bank, on which Haun was second, and Call third endorser, he, Haun, would release him, Call, from liability on three notes due from .Beasley and Hargiss to Haun, on which Call was surety. Haun being relieved of his liability as endorser with Call upon the note in bank, refused to comply with his agreement to cancel Call's suretyship upon the three notes of which he Haun, was payee, but brought suit before a Justice of the peace upon the three notes, and recovered Judgments; which this bill was filed in Chancery to enjoin. The maker of the note in bank was the only witness to prove the agreement on the part of Haun to release Call from his suretyship on these three notes.

The Court held that he was competent and sufficient without any other, to contradict the denial in the answer, the bill being sworn to. (1)

*Decree for relief affirmed.*

(1) But now by the act of 1870, ch. 78, sec. 1, no witness is incompetent by reason of interest.