Sullivan, ⟩
Dec., 1899. ⟨

FIRST NATIONAL BANK OF NEWPORT v. HUNTON & a.

Where a married woman repudiates her promissory note given in discharge of her husband's debt, the payee thereof will be subrogated to her rights in the proceeds of a note given by the husband to indemnify her for assuming his obligation.

In such case, the right of subrogation sought to be enforced by a bill in equity will not be affected by a subsequent attachment of the funds in the hands of the defendant.

BILL IN EQUITY. Facts found by the court. Prior to February 24, 1896, the defendant, Edwin M. Hunton, and one Barker, being partners in business under the firm name of Hunton & Barker, dissolved the partnership upon the agreement that Hunton should have its assets and pay its indebtedness, including the firm's note of $1,500 to the plaintiff. On that date Hunton's wife, Alice, made and executed to the plaintiffs her note for $1,500 and took up the partnership note for that amount. Subsequently, and as a part of this transaction, Edwin gave to his wife a note for $1,500.

Edwin continued the business, but was unsuccessful, and July 16, 1896, filed his petition in insolvency, naming among his creditors Alice, who made due proof of her claim upon the $1,500 note. Edwin made an agreement of compromise with his creditors proving their claims, whereby they were to accept sixty per cent of their claims in full discharge thereof. Alice signed this agreement and a receipt for her sixty per cent, but did not in fact receive any money. To carry out this agreement, Edwin obtained a loan from the defendant Rawson upon a written agreement by which he was authorized to take possession of Edwin's assets, sell them, and reimburse himself for the loan and expenses, and to pay any balance to Edwin. Rawson, after reimbursing himself in

accordance with the agreement, had remaining in his hands $500. In consideration of the above facts, Edwin gave Alice an order on Rawson for the payment to her of such sum, which he has accepted but not paid. Until after the acceptance of the order, both Edwin and Alice understood that her note to the plaintiffs was valid.

August 20, 1896, Edwin obtained his discharge in insolvency. He did not name the plaintiffs in his list of creditors. They did not understand they were creditors until long after the termination of the insolvency proceedings, proved no claim against him, were not parties to the proceedings or to the agreement for compromise, and have not received anything in payment upon their claim. Barker is financially irresponsible, and has been so since the dissolution of the partnership. Subsequently to the discharge in insolvency, the note of Alice to the plaintiffs was held invalid, as being an undertaking in behalf of her husband. *First Nat'l Bank* v. *Hunton,* 69 N. H. 509.

Since the service of this bill upon the defendants, Edwin's mother, Mary A. Hunton, brought suit against him and summoned Rawson as trustee, and the action is now pending.

At the time of the execution of the note by Alice to the plaintiffs, she held two insurance policies upon the life of Edwin, one for the sum of $2,000, payable to Edwin or his assigns at the end of twenty years from its date, or, in the event of his prior death, to Alice, his wife, or, if she is not living, to the executors, administrators, or assigns of Edwin; the other for $3,000, payable to Alice in case she be living at the death of Edwin, otherwise to the executors, administrators, or assigns of Edwin. Both policies were obtained upon the written application of Edwin, who has paid the premiums and assessments thereon. Both policies were, May 29, 1896, with the assent of the insurers, assigned to the plaintiffs by Alice and Edwin as collateral security for the $1,500 note of Alice, and the plaintiffs now have possession of the policies.

These facts appearing in the bill, the defendants' motion to dismiss on the ground that the bill disclosed no claim against the defendants, or either of them, was denied, subject to exception.

The court held that the plaintiffs were entitled to an accounting with Rawson, and to a decree for the payment to them of such sum as should be found in his hands covered by said order, unaffected by the trustee process, and the defendants excepted.

The court also held that the plaintiffs were entitled to the possession of the policies, and that the right to the proceeds would not now be considered, in view of the uncertainty whether they might ultimately be payable to the assigns of Edwin or to Alice, and the defendants excepted.

Upon the filing of the findings of fact and rulings of the court, Alice E. filed an amended answer in which she abandoned her claim to the funds in Rawson's hands and waived her exceptions to the rulings of the court as to the insurance policies, and the action was discontinued as to her.

*Albert S. Wait* and *Hosea W. Parker,* for the plaintiffs.

*Ira Colby & Son,* for the defendants.

WALLACE, J.   The plaintiffs had a valid claim against the firm of Hunton & Barker and against Edwin M. Hunton as a member of that firm for $1,500, which they released for the individual note of Alice E. Hunton for the same amount.   Alice received her husband's note for $1,500 to indemnify her for assuming this obligation of her husband to the plaintiffs.   Edwin also secured her obligation by assigning to them the insurance policies on his life. . Until after the discharge in insolvency of Edwin, all parties treated this transaction as valid.

Alice proved her claim and acquired the right to sixty per cent of it, and obtained Rawson's acceptance of the $500 order.   She obtained this in consideration of giving her note to the plaintiffs for her husband's debt to them.   It was the proceeds of the note she received from her husband to indemnify her against her indebtedness to the plaintiffs.   She now repudiates her note to the plaintiffs on the ground that it was a contract of suretyship or guaranty for her husband, or an undertaking on his behalf, and therefore not binding on her.   Although she may lawfully do this and shield herself from this obligation, under the statute in regard to the contracts of married women (*First Nat'l Bank* v. *Hunton,* 69 N. H. 509), yet she can neither keep the money which she has acquired the right to receive by virtue of the transaction, or release it to her husband or his creditors.   Equity will require her to hold it in trust for the benefit of the plaintiffs' claim, on account of which she received or acquired the right to receive it. If the husband had placed in her hands $1,500 in cash to indemnify her on account of giving her note to the plaintiffs in payment of his claim, although she might under the statute avoid her contract on her note, yet she could not under those circumstances keep the money.   She would hold that for the benefit of the plaintiffs.   To hold otherwise would ·allow her to perpetrate a fraud.   The same principle will make her answerable to the plaintiffs for what she is entitled to receive from Rawson on account of the note of indemnity given her by her husband.

The valid claim of the plaintiffs against the old partnership or against Edwin was not paid or extinguished by the receipt of the

void note of the wife for it. Whether the whole transaction is regarded as one of suretyship on the part of the wife on her husband's obligation, or as a contract by her to pay his debt to the plaintiffs, equity will not permit her, although not personally liable on her obligation to the plaintiffs, to retain what she has received from the debtor as a provision for or an indemnity against its payment. The plaintiffs are entitled to the benefit of any provision of that kind under the well established principles of subrogation. *Keene Savings Bank* v. *Herrick*, 62 N. H. 174; *Holt* v. *Savings Bank*, 62 N. H. 551; *Barton* v. *Croydon*, 63 N. H. 417; *Ætna Insurance Co.* v. *Thompson*, 68 N. H. 20; *Hunt* v. *Association*, 68 N. H. 305, 308.

The trustee process served on Rawson after the service of the bill in equity could not affect the plaintiffs' rights.

We see no error in the ruling in regard to the insurance policies.

The facts material to the plaintiffs' case having been set forth in the bill, the motion to dismiss was properly denied.

*Exceptions overruled.*

PARSONS, J., did not sit: the others concurred.