Hillsborough, }
June, 1900. }

## CATE v. BLODGETT.

The representations of an agent as to the condition of leased premises, of
which he had the exclusive care, are not binding upon his principal unless
they were made at the time of the contract of letting and constituted a
part of the *res gestæ*.

In the absence of warranty or covenant to repair, a lessor is not liable for in-
juries resulting to a lessee from the act of an agent in withholding infor-
mation as to the defective condition of the premises, unless there is such a
concealment of defects not open to ordinary observation as to amount to
fraud or deceit.

CASE, for personal injuries. The amended declaration alleged
that in 1893 the defendant was the owner of a two-tenement house,
barn, and shed, the upper tenement of which was rented to the
husband of the plaintiff until about June, 1894; that the only
clothes-yard provided by the defendant for the use of the tenant
occupying this tenement was a platform built above the roof of the
shed; that the platform, at the time of the letting, was old, de-
cayed, and out of repair, as the defendant well knew, which infor-
mation she withheld from the plaintiff; that the plaintiff was led
to believe by the false representations of the defendant, and did
believe, that the platform was in good repair and safe for the pur-
poses for which it was erected, and was not in fault for not dis-
covering its condition; that while the plaintiff was upon the plat-
form it gave way and caused the injuries complained of. The de-
fendant's demurrer to the foregoing declaration was overruled, and
she excepted.

The plaintiff's counsel stated that he should not offer any evi-
dence tending to show that the defendant had any knowledge of the
insecurity or want of repair of the platform, or personally made
or authorized the making of any representations concerning it; that
the renting of the defendant's premises was done by an agent, who
had exclusive charge of all her property; and that the agent knew
of the insecurity of the platform from defective construction and
want of repair, and falsely represented that it was safe. The plain-
tiff admitted that the defendant had no knowledge of the dangerous
condition of the platform, or of the false representations of her
agent, and in fact did not authorize them. Upon the foregoing
statement and admission a nonsuit was *pro forma* ordered, and the
plaintiff excepted.

*Timothy J. Howard* and *Drury & Hurd*, for the plaintiff.

*Burnham, Brown & Warren,* for the defendant.

BLODGETT, C. J.   It appearing that the agent had the exclusive care and letting of the premises which are the subject-matter of the present action, we are of the opinion that his alleged representations as to the condition of the platform were within the scope of his authority and employment, and are therefore to be treated as the representations of the defendant herself.   But while it is a familiar general doctrine of law that a principal is liable to third persons in a civil suit for the false representations of his agent relative to a contract made in the course of and connected with his employment, although the principal did not authorize, or justify, or in any manner participate in such representations, it is nevertheless to be borne in mind that this doctrine is qualified by and subject to the no less familiar general doctrine that the representations so made will not bind the principal unless they are made at the very time of the contract and constitute a part of the *res gestæ.   Nebonne* v. *Railroad,* 67 N. H. 531.   Such being the law, it follows that the plaintiff's declaration states no cause of action in respect of the representations complained of, not only because it does not allege them to have been made at the time of the letting and as a part of that transaction, but because the fair, if not necessary, construction of the declaration is that they were made subsequently, and consequently upon another occasion.

The remaining question is, whether the defendant is liable for the agent's act in withholding from the lessee, at the time of the letting, the fact that the platform was old, decayed, and out of repair, which it is alleged the defendant well knew.

As matter of law, no definite answer can be given.   The admitted relation between the parties was one of contract, and no contract is alleged binding the defendant to put or keep the platform in safe condition.   On the contrary, the contract was apparently the ordinary one of letting, in which " there is no warranty implied . . . that the premises are reasonably safe or suitable for the uses intended, or that the landlord will keep the leased premises in repair; and in the absence of any warranty, or deceit or fraud on the part of the landlord, the lessee takes the risk of the quality of the premises, and cannot make the landlord answerable for any injuries sustained by him during his occupancy by reason of the defective condition of the premises, or even of their faulty construction."   *Towne* v. *Thompson,* 68 N. H. 317, 319, 320.

The question in hand thus resolves itself into one of fraud or deceit, and as such it may be dismissed in a few words; for conceding, as we think it must be, that, in the absence of warranty or covenant to repair, a landlord may be responsible for the conceal-

ment of defects in leased premises from which damage to the tenant proximately and naturally ensues without fault on his part, the responsibility cannot be held to attach to defects open to ordinary observation, as to which the rule of *caveat emptor* applies the same as between buyer and seller; and whether· the platform constituted such a defect, it is not our province to determine.

The plaintiff's declaration being good in part, the defendant's general demurrer was properly overruled.

*Nonsuit set aside.*

PARSONS, J., did not sit: the others concurred.