ALICE GLENN, Plaintiff in Error, v. HILL et al.

Division Two, March 17, 1908.

1. **LEASE: Failure to Repair: Damages to Tenant.** In the absence of an ageement in the lease binding the landlord to put or keep the premises in repair, he is not liable in damages for failure to do so or for injuries sustained by the tenant by reason of such failure.

2. ————: ————: **Verbal Promise: Exposure to Cold: Death: Demurrer.** A promise to repair the premises by putting in a new furnace, made after the execution of the lease, if verbal, gratuitous and without consideration, cannot form a basis of a cause of action for damages for its breach. So that a petition which in effect alleges that the landlord took out an old furnace, and carelessly and negligently failed to complete the work of putting in a new one within a reasonable time, and left the premises in an untenantable condition for an unreasonable length of time, in consequence of which the plaintiff and her husband (the tenants) were unduly exposed to the winter and the extreme cold, which resulted in her husband's death, whereby she was damaged in the sum of five thousand dollars, but containing no allegation that said undertaking to replace the old furnace with a new one was based upon any valid consideration or was in writing, does not state a cause of action for breach of contract; nor would it state one for a tort had it alleged and had there been a valid contract to repair.

3. ————: **Tort: Breach of Contract: Damages for Death of Tenant.** For a breach of a lease contract to repair the premises, neither the tenant, nor in case of his death his widow, can maintain an action for tort, that is, a suit for statutory damages as for negligence for injuries to the tenant resulting from a failure to keep the agreement to put in a furnace within a reasonable time, in consequence of which the tenant became sick or died from exposure and cold. If the landlord performed the agreement in a negligent manner, and as a result of that negligence the tenant was injured, then an action for tort arises, but an action for breach of contract cannot be converted into an action for tort by an allegation of unreasonable delay in performing the contract.

Error to Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*Duvall & Duvall* for plaintiff in error.

The petition alleges a contract to repair, which was to be performed within a year, and further that the landlord did undertake to repair, and did remove one furnace, and the petition alleges negligence and carelessness on part of defendant landlord. Little v. McAdams, 38 Mo. App. 187; sec. 2864, R. S. 1899; Holmes v. Railroad, 104 Mo. 381; Railroad v. Burch, 96 Ind. 346; Railroad v. Mallette, 92 Ala. 209. Negligence of defendants is pleaded and must go to the jury. Flynn v. Railroad, 78 Mo. 196; Huelsenkamp v. Railroad, 34 Mo. 45; Kennedy v. Railroad, 36 Mo. 352.

*Gage, Ladd & Small* for defendants in error.

(1) There being no agreement to that effect in the original contract of lease, the defendants were under no obligation to repair, and are not liable to the tenant for failure to do so. Vai v. Weld, 17 Mo. 232; Peterson v. Smart, 70 Mo. 34; Ward v. Fagin, 101 Mo. 669; Taylor's Landlord and Tenant (9 Ed.), secs. 327 and 328; Wood, Landlord & Tenant (2 Ed.), sec. 379. (2) The promise to repair alleged in the petition was without consideration, and breach of the promise cannot constitute a cause of action. Wood on Landlord and Tenant, sec. 379; Taylor, Landlord and Tenant (9 Ed.), secs. 327, 329; Altsheler v. Conrad, 118 Ky. 647; Rhoades v. Seidel, 139 Mich. 608; Purcell v. English, 86 Ind. 36; Taylor v. Lehman, 17 Ind. App. 585; Clyne v. Holmes, 61 N. J. L. 358; Blake v. Ranous, 25 Ill. App. 490; Fowler Cycle Works v. Fraser, 110 Ill. App. 129; Dowling v. Nuebling, 97 Wis. 350; Libbey v. Tolford, 48 Me. 316; Whitehead v. Comstock, 25 R. I. 423; McAdam, Land. and Ten. (3d Ed.), sec. 389. (3) If the promise had been upon a good consideration, and had been broken, the breach would furnish no basis for an action in tort. Stelz v. Van Dusen, 93 App. Div. (N. Y.), 358; Tuttle v. Mfg. Co., 145

Mass. 169; Dustin v. Curtis, 67 Atl. 220; Davis v. Smith, 26 R. I. 129; Schick v. Fleischhauer, 26 App. Div. (N. Y.) 210; Boden v. Scholtz, 101 App. Div. (N. Y.) 1; Frank v. Mandell, 76 App. Div. (N. Y.) 413; McAdam on Landlord and Tenant (3 Ed.), p. 438.

BURGESS, J.—This is an action for $5,000 damages for the death of plaintiff's husband, caused, as alleged in the petition, by the negligence and carelessness of the defendants.

Omitting caption, the petition is as follows:

"Now, on this day comes the plaintiff, and after obtaining leave of the court to file this amended petition, says, for her cause of action against the defendants, David P. Richie, John B. Hill and Henry E. Hill, that said defendants, John B. Hill and Henry E. Hill, were, at the happening of the grievances hereinafter mentioned, the owners of what is known as the 'Hypatia,' a large brick building located at numbers 1232 and 1234 Penn street, in Kansas City, Missouri; that on the 7th day of September, 1901, said defendants, by their agents, leased said premises to defendant, David P. Richie, for three years; that said Richie used said building as a hotel and boarding house, and on December 2, 1902, said Richie sold the furniture and good-will of said premises to plaintiff and her husband, and the plaintiff and her husband thereupon went into possession of said building and premises, occupying the same as a hotel and boarding house, and continued to so occupy said premises until the death of Andrew L. Glenn, plaintiff's husband.

"That there were two furnaces furnished by defendants for the purpose of heating said premises, said furnaces being fixtures in the basement, and during the year 1903, in the winter of said year, said furnaces became worn out, defective and insufficient for heating said premises, and it became necessary to repair and

replace one furnace with a new one, and to remove said furnace from said premises; that in the spring of 1903 and in September of 1903, defendants, by their agents, D. Ellison & Son, were notified to fix, repair and remove one furnace, which defendants then and there agreed to do, and have the same in good condition before cold weather in the fall of 1903, and winter of said year.

"That said defendants negligently and carelessly failed to remove said furnace until the 19th day of October, 1903; that said defendants negligently and carelessly failed to replace said furnace with a new one until November 28, 1903, at which time and for a long time prior thereto the weather was very cold and damp, and the defendants undertook to make said repairs and replace said old and worn-out furnace with a new one, fit for heating said premises, and during said period of time defendants promised plaintiff and her husband that they would fix and repair the said furnace, and defendants, by said promises, induced plaintiff to remain in said building, until the same was replaced with a new one, and during said time plaintiff and her husband were subjected to exposure, cold and damp rooms, which defendants well knew, or could have known by the exercise of due care, but defendants negligently and carelessly failed to begin said repair, and furnish a new furnace until late in the fall, which, plaintiff alleges and avers, was unreasonable delay on defendants' part; that defendants undertook to replace said old and defective furnace with a new one, and negligently and carelessly failed to place said new furnace in said premises until November 28th, 1904, which, plaintiff alleges and avers, was unreasonable delay and negligence and carelessness on defendants' part; which plaintiff avers was a wrongful act on the part of defendants, and during said time defendants failed to furnish stoves, or other

heat, necessary to warm said premises; defendants at all times and dates, by their agents aforesaid, accepted the rent, viz., $100 per month, for the use and occupancy of said premises, with two furnaces sufficient to heat said building and premises, and by reason of the neglect, carelessness and wrongful acts of defendants aforesaid, and the Revised Statutes of Missouri and laws of said State, a cause of action has arisen in favor of plaintiff, for the following reasons, to-wit: That during said time plaintiff's husband was subjected to exposure, cold and said premises in an unheated condition, from which exposure he, the said Andrew L. Glenn, contracted a severe cold, hoarseness, continued exposure, a relapse and more cold, said furnace being daily expected by plaintiff and her husband, and thereby plaintiff and her said husband were induced to remain in said premises, and on November 16, 1904, in Kansas City, Mo., at said premises, plaintiff's husband died as a result of said exposure, cold and defendants' wrongful acts.

"That by reason of the premises aforesaid, plaintiff lost her husband, Andrew L. Glenn, as the result of the exposure, cold, dampness and unheated condition of the premises, No. 1232 and 1234 Penn street, there being improper heat, caused by the unreasonable delay and wrongful acts of the defendants aforesaid in not furnishing a proper furnace or stoves, which was their duty to do, as they (the defendants) accepted rent for the same, viz., $100 per month.

"That by reason of the premises aforesaid, plaintiff has sustained damages in the sum of five thousand dollars.

"Wherefore, plaintiff asks judgment against said defendants in the sum of five thousand dollars, together with her costs."

Defendant Richie filed his demurrer to the petition, and the two Hills filed a joint demurrer, on the

ground that the petition failed to state facts sufficient
to constitute a cause of action, both of which demur-
rers were sustained, and the plaintiff refusing to plead
further, judgment on the demurrers was rendered in
favor of all the defendants. Thereafter plaintiff dis-
missed as to defendant Richie, and filed her affidavit
for appeal to this court. Afterwards she sued out a
writ of error, and the cause is here on a return to
said writ.

There is no averment in the petition that under
the contract of leasing the defendants agreed to repair,
and in the absence of an agreement in the lease binding
the landlord to put or keep the premises in repair, he
is not liable in damages for failure to do so or for in-
juries sustained by the tenant by reason thereof. [Vai
v. Weld, 17 Mo. 232; Peterson v. Smart, 70 Mo. 234;
Ward v. Fagin, 101 Mo. 669; Taylor's Landlord and
Tenant (9 Ed.), secs. 327 and 328; Wood on Landlord
and Tenant (2 Ed.), sec. 379; Brewster v. DeFremery,
33 Cal. 341.] But the petition in effect alleges that
defendants took out the old furnace, and while in the
act of replacing it with a new one, carelessly and neg-
ligently failed to complete the work in a reasonable
time, and left the premises in an untenantable condi-
tion for an unreasonable length of time, in consequence
of which plaintiff and her husband were unduly ex-
posed to the winter and the extreme cold which re-
sulted in the death of plaintiff's husband.

The promise to repair made after the execution
of the lease was verbal, gratuitous and without consid-
eration, and could not form the basis of a cause of
action for its breach. [Wood on Landlord and Ten-
ant, sec. 379; Taylor on Landlord and Tenant (9 Ed.),
sec. 329; Altsheler v. Conrad, 118 Ky. 647.]

In Rhoades v. Seidel, 139 Mich. 1. c. 610, it is said:
"They had not agreed to make repairs, and therefore
they were under no obligation to make them. . . .

Their agreement to make repairs, testified to by plaintiff, made after the premises were leased, was without consideration, and therefore unenforceable. . . Here plaintiff was injured, not by reason of negligence in the performance of the voluntary undertaking, but because that undertaking was not, as he knew, carried out. It may be said in this case that the landlord, to the tenant's knowledge, neglected to perform his undertaking to remedy the defect. Plaintiff's complaint, then, must rest upon the proposition that a landlord has no right to refuse to perform a voluntary undertaking to remedy a defect. To assert that proposition is to deny the elementary principle that a promise based on no consideration is not enforceable.'' To the same effect are Purcell v. English, 86 Ind. 36; Taylor v. Lehman, 17 Ind. App. 586; Blake v. Ranous, 25 Ill. App. 490; Clyne v. Helmes, 61 N. J. L. 358; Fowler Cycle Works v. Fraser, 110 Ill. App. 129; Dowling v. Nuebling, 97 Wis. 350; Libbey v. Tolford, 48 Maine 316; Whitehead v. Comstock & Co., 25 R. I. 423.

The petition is not predicated upon the ground that the work in replacing the new furnace was carelessly and negligently done, resulting in the injury to plaintiff's husband, but upon the ground that defendants carelessly and negligently failed to complete the work in a reasonable time, for which there was no valid contract or agreement. If it had been bottomed upon negligence in the performance of the work, it would make no difference whether there was any valid agreement for its performance or not; for if defendants undertook its performance, then it devolved upon them to use ordinary care and caution not to injure their tenants; but as it is bottomed upon the failure of the defendants to complete the work in a reasonable time, for which there was no valid contract, it seems clear that the petition states no cause of action. This position is sustained by the author-

ities cited by plaintiff. Thus, in Gill v. Middleton, 105 Mass. 478, it is said: "Although a gratuitous executory contract of that kind would not be binding upon him, he would place himself in a very different position if he should see fit to treat it as binding, and actually enter upon its fulfillment. He is at liberty to repudiate or to perform it, at his option; but if his choice should be to perform it, he comes under some degree of liability as to the manner of performance. It is well settled that, for an injury occasioned by want of due care and skill in doing what one has promised to do, an action may be maintained against him in favor of the party relying on such promise and injured by the breach of it, although there was no consideration for the promise." The case of Little v. Macadaras, 29 Mo. App. 332, same case, 38 Mo. App. 187, is of the same character. In that case, John Little was the tenant of the defendant, and the landlord was required by the board of health of the city of St. Louis to clean out a privy vault upon the leased premises. In doing the work, the contractors removed the seat of the privy, and replaced it when they were through with the work. But they replaced it in such a manner that, a few days thereafter, when the wife of Little attempted to use the seat in the ordinary way, it broke under her weight and seriously injured her; and it was held on the last appeal that, while the landlord is under no obligation to keep the premises let in repair, unless he has expressly contracted to do so, yet if he makes repairs, and the same are negligently made, he is responsible for the damages to the tenant resulting therefrom. We have no fault to find with these decisions, but think them correct upon principle and authority. They are not, however, in point in this case, for the reason that the suit is not predicated upon the negligence of defendants in making the repairs, and is not for breach of contract in failing to

do so. Here the plaintiff seeks to convert the breach of contract into a tort, and claims the right to maintain the action to recover damages for the death of her husband under section 2865, Revised Statutes 1899. But even if the promise to repair had been made upon a valuable consideration, and defendants had breached the contract, such breach would not have furnished a basis for an action of tort under said section 2865, but the remedy would be an action for damages for breach of the contract. Even if plaintiff's husband had recovered from the disease which it is claimed he contracted, and from which he died, he could not, under the allegations in the petition, have sustained an action for personal damages therefor, and by the provisions of said statute, it is only when the injured person, if he had survived, could have maintained an action for damages, that such action survives to his representatives in case of his death.

In Stelz v. Van Dusen, 93 App. Div. (N. Y.) 358, the plaintiff was injured by the breaking down of a floor in a house rented of the defendant. The plaintiff, before she moved into the house, called the defendant's attention to the condition of the floor, and he promised to repair it. The court said: "The gravamen of the plaintiff's cause of action was the defendant's failure to fulfill this promise to repair. No action for negligence was maintainable on this basis, and the complaint ought to have been dismissed. Assuming the making of the alleged agreement to repair, the breach thereof did not confer upon the tenant or his wife any right of action based upon negligence. The relation between the parties to the agreement was purely contractual, and the violation of the contract by the landlord did not create any liability in tort." To the same effect is Tuttle v. Gilbert Mfg. Co., 145 Mass. 169.

In Dustin v. Curtis, 67 Atl. 220, the plaintiff was

injured by the fall of plastering from the ceiling of a building leased from the defendant. Plaintiff claimed that the defendant landlord had agreed to make repairs. They were not made. The action was to recover damages for personal injuries alleged to have been sustained by plaintiff. At the close of plaintiff's case the court ordered a nonsuit, and plaintiff excepted. The Supreme Court, in affirming the judgment, said: "If we assume that the plaintiff was present as a tenant, that one of the terms of the tenancy was that the defendant should make all necessary repairs, and that the plaintiff's injury was due to the defendant's omission to repair, it does not follow that this action of tort for negligence can be maintained against the defendant because of her omission in this respect, unless her failure resulted in the breach of a duty imposed by law, as well as the breach of an obligation created by the agreement of the parties. 'Actionable negligence is the neglect of a legal duty. . . To bring the case within the category of actionable negligence, some wrongful act must be shown, or a breach of some positive duty. . . . The duty to do no wrong is a legal duty. The duty to protect against wrong is, generally speaking and excepting certain intimate relations, in the nature of a trust, a moral obligation only, not recognized or enforced by law.' . . . In accordance with the foregoing authorities, it may be stated as a principle of law that, where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and that the mere violation of a contract, where there is no general duty, is not the basis of such an action. This being so, and the relation between the parties to this suit being

that of landlord and tenant, and it having been de-
cided in Towne v. Thompson, 68 N. H. 317, that no
duty is imposed by law upon a landlord to make re-
pairs upon leased premises for the benefit of his ten-
ant or a member of the tenant's family, it follows that
the present action cannot be maintained because of the
mere failure of the defendant to keep her agreement
to repair. In fact, it is generally held that a tenant,
a member of his family, or his guest, cannot sue a
landlord in tort for personal injuries due to his omis-
sion to repair premises which have passed into the
possession and control of the tenant, even if the land-
lord has agreed to make repairs." [See, also, Schick
v. Fleischauer, 26 App. Div. (N. Y.) 210; Boden v.
Scholtz, 101 App. Div. (N. Y.) 1; McAdam on Land-
lord and Tenant (3 Ed.), 438.]

Davis v. Smith, 26 R. I. 129, was an action by a
father for the death of his infant child, under a stat-
ute in every essential particular like section 2865,
supra. A demurrer to the declaration was sustained.
The petition alleged in substance that the plaintiff
rented certain premises from the defendant, who
agreed to keep the same in repair; that defendant suf-
fered certain drains to remain out of repair, in conse-
quence of which prejudicial gases and odors were emit-
ted, and the child, by reason thereof, contracted dip-
theria, of which he died. The court, in a well-consid-
ered opinion, in which many authorities are cited and
discussed, said: "The courts very generally hold that
the tenant and his wife, children, servants, and guests
cannot sue in tort for breach of the landlord's cove-
nant to repair. Strangers in certain cases may do so,
but the tenant's remedy is only on the contract."

Our conclusion is that the petition fails to state
a cause of action, and that the demurrer was properly
sustained. The conclusion reached renders it unnec-

essary to pass upon the question of remoteness of damages; hence we refrain from so doing.

Finding no reversible error in the record, the judgment is affirmed.

All concur.