IRENE KORACH by Next Friend, Appellant, v. ANNA M. LOEFFEL, Respondent.

St. Louis Court of Appeals. Submitted on Briefs November 11, 1912.
Opinion Filed December 3, 1912.

1. **PLEADING: Pleading Over: Effect on Abandoned Pleading.** Where, after a demurrer to a petition is sustained, plaintiff files an amended petition, the original petition disappears from the case.

2. **LANDLORD AND TENANT: Injury Sustained on Demised Property: No Covenant to Repair: Liability of Landlord.** There is no implied warranty, in a contract of letting, that the premises are tenantable or suitable for the purposes for

which they are let, or, in the case of a dwelling house, that it is either safe or convenient; and where the landlord is not guilty of creating a nuisance or of wilful wrong or fraud or culpable negligence, he is not liable for any injury suffered by any person occupying or coming upon the premises during the term of the lease.

3. ———: ———: ———: Pleading: Conclusions. In an action against a landlord for injuries to the tenant's minor child from the falling of a metal plate over a grate in the demised premises, an averment in the petition, that "it was the duty of the defendant, by the terms and conditions of the verbal lease aforesaid, to have said premises in a safe and proper condition for the use and occupancy of plaintiff, so that plaintiff could occupy said premises with safety," was a statement of the pleader's conclusion, and was not an averment that there was a covenant to repair.

4. ———: ———: ———: Liability of Landlord. While a landlord who demises premises to different tenants, with part in common for the use of all, is bound to exercise ordinary care to keep such common part in a reasonably safe condition, he is not, in the absence of a covenant so to do, bound to exercise ordinary care to maintain or keep in repair premises demised as a dwelling, where the tenant is in possession of the whole premises; and hence where a tenant of a dwelling house was in possession of the whole premises, and the landlord had not covenanted to make repairs, a minor child of the tenant, who was injured by the falling of a metal plate over a grate, could not recover against the landlord.

5. ———: No Covenant to Repair: Right of Landlord to Make Repairs. Where a single dwelling is demised to one person and he is given possession of the whole premises and the landlord has not covenanted to make repairs, no one, not even the landlord, can enter, without his permission, to make repairs.

6. ———: Injury Sustained on Demised Property: Breach of Covenant to Repair: Liability of Landlord: Remote Damages. The breach by a landlord of a covenant to make repairs to demised premises will not support an action for personal injuries due to the failure to make such repairs, because such injuries are deemed too remote to have been contemplated by the parties when the covenant was given.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

AFFIRMED.

*C. Porter Johnson* and *Malcolm D. Owen* for appellant.

(1) Where the landlord expressly agreed with a tenant at the time of renting the premises that he would make certain repairs, he is liable for injuries to a child of the tenant caused by his failure to make such repairs. Collins v. Fillingham, 129 Mo. App. 340. (2) It is the duty of the landlord when he leases the property to disclose to the tenant the true condition of the same and to make known to the tenant · such defects as he knows to exist, or which he could know by reasonable diligence, and if he fails to do so he is liable to the tenant for injuries sustained. Coke v. Gutkese, 80 Ky. 598; Cesar v. Karutz, 60 N. Y. 229; French v. Vining, 102 Mass. 132; Godle v. Hagerty, 20 Pa. 387; Carson v. Goldey, 26 Pa. 111. (3) It is not necessary to show that the landlord had actual knowledge of the defects complained of. His duty was due care and ignorance was no defense, and if the use actually made of the premises was something which the defendant was bound to have contemplated, he was liable for any neglect for proper precautions to make it safe. Rose v. Bank, 43 N. E. 92; Lindsey v. Leighton, 22 N. E. 902; Leydecker v. B., 33 N. E. 399.

*Julius T. Muench* and *H. F. Hecker* for respondent.

(1) Plaintiff, by pleading over after demurrers to the petitions had been sustained, abandoned the prior pleadings and, on appeal from the judgment of the court sustaining defendant's demurrer to the third amended petition, only allegations contained in such petition may be considered. Owens etc. Co. v. Pierce, 5 Mo. App. 575; Young v. Woolfolk, 33 Mo. 110; Bobb v. Bobb, 89 Mo. 418; Rand v. Grubbs, 26 Mo. App. 595. (2) The lessor of premises is under no implied

obligation to make repairs upon premises leased and
can only be held liable in damages for his failure to
make repairs, under an express agreement or a cov-
enant contained in the contract of letting.  Ward v.
Fagin, 101 Mo. 669; Little v. McAdaris, 29 Mo. App.
332; Roberts v. Cottey, 100 Mo. App. 500; Grant v.
Tomlinson, 138 Mo. App. 222; Finer v. Nicholls, 158
Mo. App. 539; Glenn v. Hill, 210 Mo. 296. (3)  The
maxim of *caveat emptor* governs the condition of prem-
ises, and the landlord is under no obligation to deliver
·the premises to the tenant free from defects or to
discover defects and disclose them to the prospective
tenant.  24 Cyc. 1114; McAdam on Landlord & Tenant,
·1244, *el seq.;* Tiffany on Landlord & Tenant, 559; Rob-
ins v. Jones, 15 C. B. (N. S.) 221; Franklin v. Tracy, 25
Ky. Law Rep. 1409; Whitmore v. Pulp & Paper Co.,
91 Me. 297; Doyle v. Railroad, 147 U. S. 425; Gately
v. Campbell, 124 Cal. 520; Graff v. Brewing Co., 130
Mo. App. 622. (4)  The lessor owes no duty to the
lessee to discover defects which are not apparent to
ordinary observation, in order that he may warn the
lessee of any possible dangers.  Bennett v. Sullivan,
100 Me. 118; Franklin v. Tracy, 25 Ky. Law Rep. 1409;
Company v. Birney, 68 Oh. St. 328; Doyle v. Railroad,
supra; Graff v. Brewing Co., 130 Mo. App. 618; White-
ly v. McLaughlin, 183 Mo. 160; Glenn v. Hill, 210 Mo.
291; Shackleford v. Coffin, 95 Me. 69.

REYNOLDS, P. J.—In this case plaintiff, after
filing an original and two amended petitions, to each
of which demurrers were successfully interposed on
the ground that they stated no cause of action, filed
her third amended petition.  In this she avers that
she is an infant under the age of two years, that her
father has been duly appointed her next friend, has
duly qualified as such, and that she brings this action
by that father as her next friend.  It is then averred

that on a day named her father, by a verbal contract, leased certain premises in the city of St. Louis, of the defendant, then the owner and in possession of them, for the purpose of residing therein with his family, including plaintiff; that afterwards Korach with his family, including plaintiff, took possession of and moved into and began the occupancy of the premises as a residence, "and plaintiff then and there became a tenant of this defendant." It is further averred that it was the duty of defendant, by the terms and conditions of the verbal lease, to have the premises in a safe and proper condition for the use and occupancy of plaintiff so that plaintiff could occupy them with safety, but it is alleged that the premises were not, at the time of the renting, and for a long time prior thereto had not been, in a safe condition; that there was located in one of the rooms a large fireplace or grate, over which was a large and heavy metal plate or metal sheet covering, so adjusted and placed that plaintiff could not see or know by the exercise of ordinary care that it was insecurely and improperly fastened and could not see or know that it was dangerous and unsafe and liable to give way and fall. Plaintiff avers that defendant negligently and carelessly permitted this metal sheet covering over the grate to be so placed, adjusted and maintained that at the time of the leasing it was dangerous to the occupants of the premises, including plaintiff, and that defendant knew or could have known by the exercise of ordinary care and prudence that it was dangerous and unsafe; that defendant could have repaired the same and prevented the happening of the injuries complained of but that defendant negligently and carlessly permitted this grate or plate to be and remain in the unsafe and dangerous condition thereby directly causing the injuries to plaintiff of which she complains. That on a day named and while plaintiff was occupying the premises and was on the floor of

the parlor or sitting room in which this grate was located and while she was within about three feet of the fireplace, the metal sheet, plate, or covering over the grate, by reason of its unsafe, insecure and dangerous condition, as before mentioned, fell from its place onto and upon plaintiff, crushing and bruising her left hand, breaking and fracturing the second and third fingers of that hand and causing plaintiff severe pain and anguish. Charging that her injuries are serious and permanent and that she has suffered great pain of body and mind, she demands judgment for $5000.

A demurrer was filed to this petition on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiff electing to stand upon the petition and declining to plead further, judgment followed in favor of defendant, from which plaintiff has duly perfected her appeal to this court.

The error here assigned is to the action of the court in sustaining the demurrer, it being argued that this third amended petition does state facts sufficient to constitute a cause of action.

Counsel for appellant make some reference to the abandoned petitions. It is a settled rule of practice in our State that by pleading over, as was done here, those abandoned petitions disappeared from the case and are not, so far as concerns the present case, open to consideration. No pretense is made that the demurrers to the abandoned petitions were improperly sustained.

The question here presented is on the liability of the landlord in damages to a member of the tenant's family, the tenant being in the occupancy of the whole of the premises, under a verbal lease. It will be noted that there is no charge of misrepresentation, misfeasance or concealment of fact by the landlord.

Accepted writers on the law of landlord and tenant lay it down as the rule established by the great weight of authority, that the lessee cannot assert a claim for damages against the lessor on the ground that owing to the condition of the premises at the time of the leasing, he or a member of his family suffered physical injury by reason or in consequence of the condition of the leased property at the time of the letting; that there is no implied warranty in the contract of letting that the premises are tenantable or suitable for the purposes for which they were leased, or, in the case of a dwelling house, that it is either safe or convenient, and that where the landlord has created no nuisance and is guilty of no willful wrong or fraud or culpable negligence, he is not liable for any injury suffered by any person occupying or coming upon the premises during the term of the lease. [See 1 Tiffany on Landlord and Tenant, sec. 86, pp. 556-9; 1 McAdam on Landlord and Tenant (4 Ed.), p. 373; 2 *ibid*, p. 1313-15.] Our Supreme Court in Ward v. Fagin, 101 Mo. 669, 14 S. W. 738, has said (p. 674): "Of course, if the landlord is not bound to repair unless upon a covenant so to do, it must logically follow that any injuries arising from a failure on his part to repair can give no cause of action to the tenant, whether resulting to the tenant's goods or to his person. If the landlord owes no duty to his tenant in this regard, then certainly negligence cannot be imputed to him; for negligence can only spring from unperformed duty. [Cooley on Torts (2 Ed.), 791; Hallihan v. Railroad, 71 Mo. 113.] . . . And, if it be conceded, as it must (be) from the authorities, that the landlord is not bound to keep the leased premises in repair, the same principle will apply whether the tenant be lessee of the whole premises or of only a portion thereof; for what is true of the integer of non-liability must be equally true of each of its component fractions.''

The averment is that "it was the duty of the defendant, by the terms and conditions of the verbal lease aforesaid, to have said premises in a safe and proper condition for the use and occupancy of plaintiff so that plaintiff could occupy said premises with safety." This can hardly be construed into an averment that there was a covenant to repair—at most it is a conclusion drawn by the pleader on the verbal contract of letting.

In Glenn v. Hill, 210 Mo. 291, l. c. 296, 109 S. W. 27, our Supreme Court has stated the rule as follows: "There is no averment in the petition that under the contract of leasing the defendants agreed to repair, and in the absence of an agreement in the lease binding the landlord to put or keep the premises in repair, he is not liable in damages for failure to do so or for injuries sustained by the tenant by reason thereof."

The rule is very concisely stated in Robins v. Jones, 15 C. B. (n. s.) 221, l. c. 239, that "fraud apart, there is no law against letting a tumble-down house." The same rule is announced and fully discussed by the Kansas City Court of Appeals in Graff v. Brewing Company, 130 Mo. App. 618, 109 S. W. 1044.

In Marcheck v. Klute, 133 Mo. App. 280, l. c. 290, 113 S. W. 654, it is said, referring to the fact that a child of plaintiff had been killed by falling through an open chute in a building in which he was playing, "conceding plaintiff's children were licensed to play in the loft, defendants were under no duty to keep the floor safe for their use in that manner, and unless guilty of misfeasance, were not liable for an accident received by them."

This is not the case of a common passageway, the possession of which is in the landlord. In such a case "there is an implied obligation imposed by the law upon the landlord to exercise ordinary care to keep such common portion of the premises in a reasonably safe condition for such purposes as may reasonably

be anticipated to be a proper use of the property for which it is let." [Karp v. Barton, 164 Mo. App. 389, l. c. 396, 144 S. W. 1111; Marcheck v. Klute, supra, l. c. 287. See, also, McGinley v. Alliance Trust Co., 168 Mo. 257, 66 S. W. 153.] These are all cases in which the injured party was a member of the family of the tenant, and in which the injury was sustained from defects in those parts of the premises which were in control of the landlord.

Here the father of plaintiff, the lessee, was in possession of the whole premises, a single dwelling, and without his permission, no one, not even the landlord, could enter to make repairs. [McGinley v. Alliance Trust Co., supra, l. c. 263.]

But if it be said that the petition avers a contract to repair, and recovery can be had for damages suffered by reason of the failure to repair, it is to be observed that the contract is averred to be with the father, not with plaintiff. Conceding that the contract inures to plaintiff as a member of the family of the lessee, she certainly can have no higher right than the lessee under the contract. As to that right it is said in the Marcheck case, supra, l. c. 291, "The weight of authority is that a lessor's covenant to repair will not support an action for a personal injury due to failure to make repairs, because those injuries are deemed too remote to have been contemplated by the parties when the covenant was given," citing cases. That rule was not applied in the Marcheck case—for reasons there given—but it does apply here. No promise is alleged to have been made by the lessor looking to special provision for guarding the children of the lessee, as was in evidence in the Marcheck case, but a mere general promise to repair is averred.

Our conclusion upon the case is that the demurrer to the third amended petition was properly sustained. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.