TIMOTHY MURPHY, Respondent, v. JOHN DEE, SR., Appellant.

St. Louis Court of Appeals. Submitted on Briefs March 2, 1915. Opinion Filed April 6, 1915.

1. **PLEADING: Amended Petition: Right to File.** It is proper to permit an amended petition to be filed after an involuntary nonsuit has been set aside, where such amended petition counts upon practically the same cause of action attempted to be stated in the original petition.

2. **LANDLORD AND TENANT:** Landlord's Breach of Contract to Repair: Injury to Tenant: Remedy of Tenant. The landlord's breach of a contract to repair the demised premises, or to keep them in repair, by reason whereof the tenant is injured, does not furnish the basis for an action in tort by the tenant, but his remedy is an action for damages for the breach of the contract.

3. **ACTIONS:** Form. Under the Code, the form of the action is disregarded and only its substance is considered.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

REVERSED.

*John R. McCarthy* and *Lindsay & Morris* for appellant.

The court erred in overruling defendant's demurrers to the plaintiff's evidence and at the close of the entire case. Glenn v. Hill, 210 Mo. 299; Graff v. Brewing Co., 130 Mo. App. 618, and 145 Mo. App. 364; Korach v. Loeffle, 168 Mo. App. 422; Dice v. Zweigart, 171 S. W. 195; King v. Oil Co., 81 Mo. App. 165; Herdt v. Koenig, 137 Mo. App. 589; Wernick v. Railroad, 131 Mo. App. 45.

*John B. Dempsey* and *Henry E. Haas* for respondent.

(1) To the general rule that a landlord is not liable for injuries to the person or property of the tenant due to a defect in the premises, there are many exceptions. Thus, where a landlord knows of the unsafe condition of the premises and conceals or misrepresents it, or if by the exercise of reasonable care and diligence he should have known it, he is liable for any injury resulting therefrom to his tenant, the latter not being in fault. Meyers v. Russell, 124 Mo. App. 317; Meade v. Montrose, 173 Mo. App. 722; Hines v. Will-

cox, 96 Tenn. 148, 328; Willcox v. Hines, 100 Tenn. 538. *A fortiori,* where the landlord is under a covenant to keep the demised premises in good repair and he has had reasonable notice of the want of repair and the necessity thereof, he is liable to the tenant where he fails and neglects to put the premises in a safe condition for use and the tenant, or his property, is injured in consequence thereof. Shearman & Redfield on Negligence (6 Ed. 1913), secs. 708 and 708A; Thompson on Negligence (White's Supplement), sec. 1141; Mesher v. Osborne, 75 Wash. 439; Lowe v. O'Brien, 77 Wash. 677; Barron v. Liedloff, 95 Minn. 474; Moore v. Steljes, 69 Fed. Rep. 518; Mason v. Howes, 122 Mich. 329; Schwandt v. Metzger Linseed Oil Co., 93 Ill. App. 365; Sontag v. O'Hare, 73 Ill. App. 432; Ehinger v. Bahl, 208 Pa. St. 250; Marley v. Wheelright, 172 Mass. 530; Treadway v. Machin, 91 Law Times (N. S.) 310, (Statement of Doctrine); Broggi v. Robins, 15 Times Law, 224; Perez v. Rabaud, 76 Tex. 191; Schoppel v. Daly, 112 La. 201; Transfer Co. v. Malone, 159 Ala. 325; Stillwell v. South Louisville Land Co., 58 S. W. 696; Whittle v. Webster, 55 Ga. 180; Veal v. Hanlon, 123 Ga. 642; Thompson v. Clemens, 96 Md. 196; Sieber v. Blanc, 76 Cal. 173; O'Neil v. Brown, 158 Ky. 118; Ploen v. Staff, 9 Mo. App. 309; Rogan v. Dockery, 23 Mo. App. 313; Quay v. Lucas, 25 Mo. App. 4; Little v. Macadaras, 29 Mo. App. 332, and 38 Mo. App. 187; Schenk v. Forrester, 102 Mo. App. 124; Collins v. Fillingham, 129 Mo. App. 340; Graff v. Brewing Co., 130 Mo. App. 618; Marcheck v. Klute, 133 Mo. App. 280; Rife v. Reynolds, 137 Mo. App. 290; Reinhardt v. Holmes, 143 Mo. App. 212; Coats v. Meriwether, 144 Mo. App. 89; Graff v. Brewing Co., 145 Mo. App. 364; Karp v. Barton, 164 Mo. App. 389. And this is especially so where it was agreed or within the contemplation of the parties that the landlord should keep the premises in a ''safe'' condition for the tenant's use. Miles v. Janvrin, 196 Mass. 431; 13 L. R. A. (N. S.) 378; Miles v. Janvrin, 200

Mass. 514. (2) An agreement by the landlord to keep the demised premises in good order and repair during the continuance of the tenancy, is a continuing covenant, liable to successive breaches, for each of which, on its occurring, the tenant may have his action against the landlord. Block v. Ebner, 54 Ind. 544; Herboth v. Radiator Co.; 145 Mo. App. 484. (3) The negligence of the landlord and the contributory negligence of the tenant are questions for the jury. Finer v. Nichols, 158 Mo. App. 540; Lang v. Hill, 157 Mo. App. 685; Graff v. Brewing Co., 130 Mo. App. 618; Eberson v. Continental Investment Co., 118 Mo. App. 67. (4) What is said by Judge BURGESS in Glenn v. Hill, 210 Mo. 291, to the effect that there can be no recovery in tort against a landlord, is pure *obiter dicta*, was not necessary to the decision, and is not controlling on this court. State ex rel. Bixby v. St. Louis, 241 Mo. 231; Koerner v. St. Louis Car Co., 209 Mo. 141, 156; State ex rel. v. Smith, 172 Mo. 446, 460; 3 Words and Phrases, defining "Dictum."

REYNOLDS, P. J.—Plaintiff below, respondent here, commenced this action before a justice of the peace for damages accruing to him by reason of the breaking of the railing of a porch attached to a building rented by plaintiff from defendant, in consequence of which he fell to the ground and was hurt.

It appears that the cause, on appeal from the justice, came on for trial in the circuit court but before a judge other than Judge CAVE, and on objection made to the sufficiency of the petition, plaintiff took an involuntary nonsuit, which was subsequently set aside and plaintiff permitted to file an amended petition. In this amended petition, upon which the case was tried—defendant interposing no written answer—after averring ownership of the premises in defendant, it is set out that in January, 1911, a contract was entered into between the parties as to the use, occupancy, re-

pair and upkeep of the premises by and between plaintiff and defendant "upon mutual consideration hereinafter mentioned," and the possession of the premises delivered to plaintiff; that at the time of the letting to plaintiff by defendant, and as part of the contract of letting, and as one of the considerations therefor, defendant represented and warranted that the premises, including the porch and its balusters, posts, railings, etc., were in good repair, and that they could be used by plaintiff and the members of his family with safety and that plaintiff further promised and agreed as part of the contract of letting and as one of the considerations for the contract, that as long as plaintiff continued to occupy the premises defendant would keep the premises and particularly the rear porch in good repair, so that they could at all times be used by plaintiff and the members of his family without danger of injury, plaintiff further agreeing that to enable defendant to keep and perform his obligation, he (plaintiff) would permit defendant at all times during the tenancy to have free access to the premises for the purpose of keeping them in repair and making repairs whenever the same should be required. It is further averred that at the time of making the contract of letting the balusters, posts and railings of the rear porch were defective and that defendant knew, or by the exercise of ordinary care could have known, that through long usage and exposure to the weather they were in a state of decay and that the use thereof by plaintiff and members of his family would be attended with risk and personal injury; that on or about August 7, 1911, during the occupancy of the premises under the contract of letting before set out, defendant was advised and informed that the posts, balusters and railings of the rear porch had become so rotten, loose and out of repair as to be a constant menace to the personal safety of persons using the same in the ordinary and usual manner; that this notice was given to de-

fendant in ample time to enable him to remedy the defect and put the posts, balusters and railings of this porch in a safe and secure condition; that notwithstanding defendant's representations and warranty in agreeing to keep the premises in good repair and in a safe condition for use, defendant negligently and carelessly suffered the same to become and remain in a defective, dangerous and unsafe condition, notwithstanding the timely notice given to him as above. Averring that while he was in the lawful use of the premises and was upon the porch and using ordinary care for his own safety, and while he was leaning against the balusters and railings of this porch in the ordinary and usual manner, it is averred that the railings of the porch, by reason of their defective condition, gave way and caused plaintiff to fall a distance of about eight feet, striking upon a brick walk with great force and violence, thereby dislocating his elbow, fracturing one of the bones of his elbow, injuring his left hip and spine and causing internal injuries to him, which injuries, it is averred, were permanent in character. Laying his damages at $500, plaintiff demands judgment.

A trial before the court and jury resulted in a verdict in favor of plaintiff for $200, judgment following, from which defendant has in due time perfected his appeal to this court.

The learned counsel for the respective parties raise very many points which they have elaborated with great industry and learning. Counsel for appellant contends that there is no evidence to sustain the verdict and that the petition states no cause of action. Error is also assigned to allowing the amendment to the petition.

Considering the last proposition, we see no error in this, as it practically attempts to state the same cause of action which was attempted to be stated in the original petition.

But considering the allegations of the petition upon which the case was tried in the circuit court, and conceding that the plaintiff's evidence tended to support those allegations, we do not think plaintiff can recover in this action. It is clearly an action in tort for damages arising out of a breach of a contract of letting, it being alleged and there being evidence tending to prove it, that it was a part of the contract of letting that the landlord would keep the premises in repair during the tenancy. The action is for breach of this contract, seeking damages by way of compensation for personal injuries sustained.

The questions here involved have very recently been before the Kansas City Court of Appeals in Dailey v. Vogl, not yet officially reported, but see 173 S. W. 707, where an exhaustive and learned discussion of it will be found.

In Korach v. Loeffel, 168 Mo. App. 414, 151 S. W. 790, while we cited Glenn v. Hill, 210 Mo. 291, 109 S. W. 27, it was on another point. By examining the briefs of counsel as summarized in the report of that case, it will be seen that the point here raised was not made nor was it given any special consideration, we treating the case as it was presented by counsel.

We think that the law which must govern in this case is so fully set out by our Supreme Court in Glenn v. Hill, supra, that it is hardly necessary to go into an elaborate discussion of it. It is held in Glenn v. Hill, supra (l. c. 299), an action for damages for death, under what is now section 5426, Revised Statutes 1909, that breach of a contract to repair or keep in repair does not furnish a basis for an action of tort, under that section, but that the remedy would be an action in damages for a breach of the contract.

Our Supreme Court, in support of this, quotes approvingly from Stelz v. Van Dusen, 93 App. Div. (N. Y.) 358, as holding that where the gravamen of plaintiff's cause of action was the failure of the defendant

to fulfill a promise to repair, "no action for negligence was maintainable on this basis, and the complaint ought to have been dismissed. Assuming the making of the alleged agreement to repair, the breach thereof did not confer upon the tenant or his wife any right of action based upon negligence. The relation between the parties to the agreement was purely contractual, and the violation of the contract by the landlord did not create any liability in tort."

Our Supreme Court also cites and quotes approvingly from Dustin v. Curtis, 74 N. H. 266 (67 Atl. 220). In that case Judge BINGHAM, after citing many English and American cases, speaking for the Supreme Court of New Hampshire, has stated the law here applicable clearly and concisely thus (1. c. 269):

"In accordance with the foregoing authorities, it may be stated as a principle of law that where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and that the mere violation of a contract, where there is no general duty, is not the basis of such an action. This being so, and the relation between the parties to this suit being that of landlord and tenant, and it having been decided in Towne v. Thompson, 68 N. H. 317, that no duty is imposed by law upon a landlord to make repairs upon leased premises for the benefit of his tenant or a member of the tenant's family, it follows that the present action cannot be maintained because of the mere failure of the defendant to keep her agreement to repair. In fact, it is generally held that a tenant, a member of his family, or his guest, cannot sue a landlord in tort for personal injuries due to his omission to repair premises which have passed into the possession and control of the tenant, even if the landlord has agreed to make repairs."

This is followed by the citation of a multitude of authorities.

In Tuttle v. Gilbert Mfg. Co., 145 Mass. 169, also cited by our Supreme Court in Glenn v. Hill, supra, Chief Justice MORTON, speaking for the Supreme Judicial Court of Massachusetts, has said (l. c. 174):

"The cases are numerous and confusing as to the dividing line between actions of contract and of tort, and there are many cases where a man may have his election to bring either action. Where the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. . . . As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract."

These and the many other cases cited by our Supreme Court in Glenn v. Hill, supra, establish that this present action for damages for breach of a contract to repair is not maintainable. This is true, notwithstanding the fact that by our statute forms of action have been abolished. Disregarding the form of the action under our Code, we look to the substance. Here, beyond doubt, this plaintiff is seeking to recover damages for personal injuries suffered by breach of a contract to keep in repair.

On the authority of the decision of our Supreme Court in Glenn v. Hill, which is controlling on us, the judgment of the circuit court in this case should be and is reversed. *Nortoni* and *Allen, JJ.,* concur.