Hillsborough, } No. 3119.
Jan. 2, 1940. }

### Mary P. Folsom, *Adm'x*

*v.*

### Eva Goodwin and Charles D. Barnard, *Adm'r*.

### Same *v.* Leon C. Goodwin.

468

*McLane, Davis & Carleton (Mr. Carleton* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Langdell* orally), for the defendants.

WOODBURY, J.   It is unnecessary to consider whether Alice was herself a tenant or whether Julia was the tenant and Alice occupied the tenement as a guest, boarder or member of her sister's family. The reason for this is that even though Alice was not the actual tenant she was at least occupying with the tenant's permission, and as such her "rights in regard to injuries received from defects in the premises are governed by the same rules and are subject to the same limitations as the tenant's." *Towne* v. *Thompson,* 68 N. H. 317. The fundamental question presented is one of duty. It is whether

or not the landlord was under any obligation to use due care to see that the platform and its railing was reasonably safe for use by either the tenant or those who might enter upon it with the tenant's permission.

The defendants take the position that the structure from which the decedent fell was a part of the demised premises over which the landlord had not retained control and that in consequence, there being no evidence of warranty, fraud or deceit, he was under no duty to keep it in reasonable repair. *Scott* v. *Simons,* 54 N. H. 426; *Towne* v. *Thompson,* 68 N. H. 317; *Flanders* v. *Bank, ante* 285. The plaintiff, on the other hand, in spite of the lack of evidence of any agreement respecting control of the platform made between either Julia or Alice and their landlord at the time when their occupancy began or at any subsequent time, and in spite of the lack of evidence that the platform was used in common with other tenants in the building, contends that there is evidence in the case from which it could be found that the landlord had retained control over the platform and hence, under the rule of *Gobrecht* v. *Beckwith,* 82 N. H. 415 and *Hunkins* v. *Company,* 86 N. H. 356, owed the decedent a duty to use due care to keep it in repair.

The evidence principally relied upon by the plaintiff is that concerning the defendant Barnard's conduct with respect to repairs. It appears that after the decedent's fall this defendant, at the insistence of his insurance carrier, made at his own expense extensive repairs to the platform. The equivocal nature of evidence of a single instance of repairs made by a landlord on the issue of his retained control of the part of the premises repaired was fully discussed in the recent case of *Flanders* v. *Bank, ante* 285 ,and it would serve no useful purpose to recapitulate it here. The further evidence that the defendant Barnard, some three months before the accident to Alice, promised Julia that he would make repairs to the platform as soon as he had the money to do so and that he authorized her to obtain estimates of the cost thereof, is, upon principle, of no greater value to show control than evidence of repairs themselves and, upon authority, provides no basis for an action of this sort. *Dustin* v. *Curtis,* 74 N. H. 266; *Petroski* v. *Mulvanity,* 78 N. H. 252. The evidence that Barnard had the final and unqualified decision on the question of what outside repairs should be made is also without effect upon the issue. The reason for this is that decisions of this nature are normally retained by the landlord as an incident to his ultimate ownership, and point no more clearly toward a permanently retained

470

control than toward a right reserved by the landlord to pass upon how his property shall be maintained. It is fully as ambiguous as evidence of repairs made or promised.

There being no evidence in the record from which it might be inferred that either the repairs made by the landlord or his promise to repair were motivated by a recognition on his part of a duty owed to the tenant in that respect rather than by a desire to preserve his investment, (in fact the only evidence is that he made the repairs only to improve the rentability of the property), it follows that there is no evidence of a retention of control by the landlord over the platform and that the defendants' motions for nonsuits should have been granted.

The result reached on this question of duty renders it unnecessary to consider the defendant's contention that these actions should have been brought against Barnard individually and not in his representative capacity and also renders it unnecessary to consider any of their other exceptions.

*Judgments for the defendants.*

All concurred.