Hillsborough, } No. **3337**.
June 24, 1942.}

### FREDERIC E. ST. CYR, *Adm'r v.* GRACE W. JOHNSON.

*Frederic E. St. Cyr* and *Saidel, Lemelin, Hurley & Betley,* for the plaintiff, submitted the case without brief.

*Sheehan & Phinney* and *Arthur A. Greene, Jr. (Mr. Greene* orally), for the defendant.

PAGE, J. The decedent fell on a stairway in the defendant's building, September 15, 1940, at about nine in the evening, and died the next day as the result of a fractured skull suffered in the fall. The building on Elm Street, Manchester, consisted of stores on the ground floor and a rooming house above, whose tenant was Marie Benoit. The deceased was a foster son of the tenant, and lived with her. The duties owed by the landlord to the deceased were the same as those owed to the tenant. *Towne* v. *Thompson,* 68 N. H. 317, 319. The only question is whether there was error in the granting of the nonsuit on the ground that there was no breach of duty by the defendant, since the defendant was not in control of the premises.

The stairway on which the decedent fell was lighted, and the lighting was controlled by and paid for by the tenant. The stairway led from the street to the tenant's premises and was used for no other purpose than access thereto. The lease was by parol, from month

to month, and no specific provision was made about maintenance or repairs. Interior papering and painting had always been done by the tenant at her own expense. On one occcasion the tenant had placed rubber treads on the stairs.

Mrs. Benoit had occupied the premises since 1931. Whether, up to December, 1938, when her husband died, she and he were both tenants, or whether Mr. Benoit was sole tenant, is left in some doubt. From January 1, 1939, however, Mrs. Benoit became sole tenant. Prior to that time, the defendant had done nothing to the interior of the premises except to place a hand rail on one side of the stairway early in 1937. There is no evidence that the rail was defective, or that it had anything to do with the decedent's fall. The placing of the rail in March, 1937, is insufficient to establish control of the premises by the landlord during the leasehold from 1931 to January 1, 1939. *Flanders* v. *Bank*, 90 N. H. 285.

After January 1, 1939, the defendant made a single alteration in the premises. Up to that time the step from the stairway to the street was set out into the sidewalk. The City of Manchester required that the obstruction be removed. In order to accomplish this, the step had to be moved back and the stairs made continuous to the sidewalk level, the door opening outward over the lowest step and closing against the nosing of the second step. The defendant's agent took up the matter with Mrs. Benoit, who approved of the change, and the defendant made it. This was a structural change. As far as any interior change was concerned, that depended upon the necessity of the exterior change. As evidence of control of the stairway by the landlord for maintenance, it is negligible. The tenant merely agreed by parol to occupy the premises in their altered state. The case is weaker, at this point, than *Flanders* v. *Bank*, *supra*.

*Judgment for the defendant.*

All concurred.